**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cornell Brisco, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 19-CV-01747 |
| v. | ) | |
| | ) | |
| | ) | |
| Officer E. Dent; Officer Cochiard; Officer | ) | **COMPLAINT** |
| Saraceno and the Village of Maywood, Illinois, | ) | |
| | ) | **Plaintiff Demands a Jury Trial** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Now Comes the Plaintiff Cornell Brisco, ("Plaintiff") by and through his attorneys, Romanucci & Blandin, LLC, and in complaining against Defendants Officer Dent, Officer Cochiard, Officer Saraceno, and the Village of Maywood, Illinois; pleading hypothetically and in the alternative, states as follows:

## JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

## NATURE OF ACTION

2. This cause of action arises out of excessive force used by Defendants Officer Dent, Officer Cochiard, and Officer Saraceno against Cornell Brisco on March 17, 2018, at approximately 5:15 a.m., near 1015 14th Avenue in the village of Maywood, county of Cook, state of Illinois.

3. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff Cornell Brisco's rights as secured by the United States Constitution.

4. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution against Defendants Officer Dent, Officer Cochiard, Officer Saraceno and the Village of Maywood, Illinois (hereinafter referred to as Village of Maywood).

5. This cause of action is for money damages brought pursuant to Illinois state law for claims of battery against the Defendants Officer Dent, Officer Cochiard, Officer Saraceno, and the Village of Maywood.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this Judicial District. Moreover, upon information and belief, Defendants reside in this Judicial District.

## THE PARTIES

8. At all times relevant hereto and until the time of the incident on March 17, 2018, Cornell Brisco was a citizen of the United States and the City of Carol Stream, county of DuPage, state of Illinois.

9. At all times relevant hereto, Defendant Village of Maywood was a political subdivision of the State of Illinois, organized and existing under and by virtue of the laws of Illinois.

10. At all times relevant hereto, the Maywood Police Department was an agency of Defendant Village of Maywood, providing the vehicle through which the Village of Maywood fulfills its policing functions.

11. At all times relevant hereto, Defendant Village of Maywood was a political subdivision of the State of Illinois, organized and existing under and by virtue of the laws of Illinois.

12. At all times relevant hereto, Defendants Officer Dent, Officer Cochiard, and Officer Saraceno were citizens of the United States and the state of Illinois.

13. At all times relevant hereto, Defendants Officer Dent, Officer Cochiard, and Officer Saraceno were employed by the Maywood Police Department as duly appointed and sworn police officers and were acting under color of law and within the scope of their employment.

14. At all times relevant hereto, Defendants Officer Dent, Officer Cochiard, and Officer Saraceno were employed by the Maywood Police Department and were wearing Maywood Police Department uniforms, insignia, or sufficient indicia of their positions as Maywood Police officers.

## STATEMENT OF FACTS

15. On March 17, 2018, at approximately 5:25 a.m., Defendant Officer Dent was dispatched to 1015 14th Avenue, Maywood, Illinois for an unwanted person.

16. On March 17, 2018, at approximately 5:25 a.m., the apartment at 1015 14th Avenue, Maywood, Illinois to which Defendant Officer Dent responded was being rented by Anna Williams.

17. On March 17, 2018, at approximately 5:25 a.m., Plaintiff Cornell Brisco was at Anna Williams' apartment at 1015 14th Avenue, Maywood, Illinois and had staying been there as a guest.

18. On March 17, 2018, at approximately 5:25 a.m., when Defendant Officer Dent arrived, Anna Williams told Defendant Officer Dent she wanted Plaintiff Cornell Brisco to leave.

19. On March 17, 2018, at approximately 5:25 a.m., Defendant Officer Dent asked Anna Williams if she wanted him to arrest Plaintiff Cornell Brisco and she declined and responded that Plaintiff Cornell Brisco had not done anything wrong she just did not want him there.

20. On March 17, 2018, at approximately 5:25 a.m., Anna Williams was told by Defendant Officer Dent that the situation did not require any further police services to which Anna Williams agreed with the officer and further stated that Plaintiff Cornell Brisco could stay.

21. On March 17, 2018, at approximately 5:35 a.m., Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno were dispatched back to 1015 14th Avenue, Maywood, Illinois due to Anna Williams calling them.

22. Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno again approached Anna Williams and asked her if she wanted to file any charges against Plaintiff Cornell Brisco.

23. Anna Williams again declined filing any charges against Plaintiff Cornell Brisco because he had not done anything, but rather just wanted him to leave.

24. Plaintiff Cornell Brisco then tried to explain that nothing was happening and there was no need for police involvement or for him to leave.

25. Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno used force against Plaintiff Cornell Brisco by grabbing him and placing him in a headlock, grabbing him by the neck, and/or choking him.

26. Plaintiff Cornell Brisco was not resisting in any way at the time Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno used force against him.

27. Plaintiff Cornell Brisco was not carrying or in possession of any weapon at the time said force was used against him.

28. Upon information and belief, Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno received no information that Plaintiff Cornell Brisco was in possession of a weapon.

29. Upon information and belief, Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno did not observe Plaintiff carrying, holding, transporting, or using any weapon.

30. Upon information and belief, Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno had no reason to use force against Plaintiff Cornell Brisco as he was not resisting.

31. Plaintiff Cornell Brisco never attempted to flee from Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno.

32. Plaintiff Cornell Brisco never actively resisted Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno.

33. Plaintiff Cornell Brisco never passively resisted Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno.

34. Plaintiff Cornell Brisco never verbally resisted Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno.

35. At no point on the dash cam video can Plaintiff Cornell Brisco be seen resisting Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno.

36. Upon information and belief, Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno had no reason to use force against Plaintiff Cornell Brisco as he was not a threat to Defendants Officers.

37. Upon information and belief, Defendants Officer Dent, Officer Cochiard, and/or Officer Saraceno had no reason to use force against Plaintiff Cornell Brisco as he was not a threat to others.

38. Plaintiff Cornell Brisco was eventually cited for disorderly conduct by the Maywood Police Department.

39. The citation for disorderly conduct by the Maywood Police Department was eventually *nolle prossed*.

**COUNT I– 42 U.S.C. §1983 – Excessive Force**
***(Cornell Brisco v. Defendants Officer Dent, Officer Cochiard, and Officer Saraceno)***

40. Plaintiff re-alleges Paragraphs 1 through 39 as though fully plead herein and incorporates them as Paragraph 40.

41. The aforementioned conduct of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno was unjustified.

42. The aforementioned conduct of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno beating and choking Plaintiff Cornell Brisco was objectively unreasonable.

43. The aforementioned conduct of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno constituted excessive force in violation of the United States Constitution.

44. As a result of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno unjustified and excessive use of force, Plaintiff Cornell Brisco experienced conscious pain and suffering.

45. As a result of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno's unjustified and excessive use of force, Plaintiff Cornell Brisco was forced to incur medical bills, undergo extensive medical treatment, suffered lost wages, and will be forced to incur future medical costs and future pain and suffering.

Wherefore, Cornell Brisco, demands judgment against Defendants Officer Dent, Officer Cochiard, and Officer Saraceno for damages, costs, disbursements, attorney's fees, 42 U.S.C. § 1988 fees, interests, and for any further relief that this Court deems fair and just.

**COUNT II-42 U.S.C. §1983 *Monell Claim***
***(Cornell Brisco v. Village of Maywood)***

46. Plaintiff re-alleges Paragraphs 1 through 45 as though fully plead herein and incorporates them as Paragraph 46.

47. At all relevant times, Defendant Village of Maywood had in effect policies, practices, or customs that condoned and fostered the aforementioned unconstitutional conduct of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno.

48. Defendant Village of Maywood failed to properly train Defendants Officer Dent, Officer Cochiard, and Officer Saraceno on how to effectuate an arrest.

49. Defendant Village of Maywood failed to properly train Defendants Officer Dent, Officer Cochiard, and Officer Saraceno on how and when to use force.

50. Defendant Village of Maywood failed to properly supervise Defendants Officer Dent, Officer Cochiard, and Officer Saraceno.

51. As such, Defendant Village of Maywood was deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

52. Defendant Village of Maywood's policies, practices, customs, and/or failures were the moving force behind the actions of Defendants resulting in the injuries to Plaintiff.

53. The failure to train constituted an official policy of Defendant Village of Maywood.

54. The failure to supervise constituted an official policy of Defendant Village of Maywood.

55. Effectuating an arrest is a usual and recurring situation with which the agents of Defendant Village of Maywood encounter on a regular basis.

56. Using force is a usual and recurring situation with which the agents of Defendant Village of Maywood encounter on a regular basis.

57. Constitutional violations, such as the violation of the Fourth and Fourteenth Amendments, are the plainly obvious consequence of failing to train officers on how to constitutionally effectuate an arrest.

58. Constitutional violations, such as the violation of the Fourth and Fourteenth Amendments, are the plainly obvious consequence of failing to train officers on how to constitutionally use force.

59. As a direct and proximate result of the acts and omissions of Defendant Village of Maywood, Plaintiff was forced to incur medical bills, undergo extensive medical treatment, suffered lost wages, and will be forced to incur future medical costs and future pain and suffering.

Wherefore, Cornell Brisco, demands judgment against Defendant, Village of Maywood, for damages, costs, disbursements, attorney's fees, 42 U.S.C. § 1988 fees, interests, and for any further relief that this Court deems fair and just.

**COUNT III– Illinois State Law Claim – Battery**
***(Cornell Brisco v. Defendants Officer Dent, Officer Cochiard, and Officer Saraceno)***

60. Plaintiff re-alleges Paragraphs 1 through 39 as though fully plead herein and incorporates them as Paragraph 60.

61. The aforementioned conduct of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno resulted in a contact with Plaintiff Cornell Brisco's person.

62. The contact made by Defendants Officer Dent, Officer Cochiard, and Officer Saraceno with Plaintiff Cornell Brisco's person was intentional.

63. The contact made by Defendants Officer Dent, Officer Cochiard, and Officer Saraceno with Plaintiff Cornell Brisco's person was offensive.

64. The contact made by Defendants Officer Dent, Officer Cochiard, and Officer Saraceno with Plaintiff Cornell Brisco's person was unpermitted.

65. The contact made by Defendants Officer Dent, Officer Cochiard, and Officer Saraceno with Plaintiff Cornell Brisco's person was made without Plaintiff Cornell Brisco's consent.

66. The actions of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno were objectively unreasonable under the circumstances and were undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of Plaintiff Cornell Brisco.

67. The actions of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno were undertaken within the scope of their employment with the Village of Maywood.

68. As a result of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno's intentional, unpermitted, and offensive contact, Plaintiff Cornell Brisco experienced conscious pain and suffering.

69. As a result of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno's intentional, unpermitted, and offensive contact, Plaintiff Cornell Brisco was forced to incur medical bills, undergo extensive medical treatment, suffered lost wages, and will be forced to incur future medical costs and future pain and suffering.

WHEREFORE, Cornell Brisco, demands judgment against Defendants Officer Dent, Officer Cochiard, and Officer Saraceno for damages, costs, disbursements, interests, and for any further relief that this Court deems fair and just.

**COUNT IV– Illinois State Law Claim –Battery**
***(Cornell Brisco v. Defendant Village of Maywood)***

70. Plaintiff re-alleges Paragraphs 1 through 39 as though fully plead herein and incorporates them as Paragraph 70.

71. The aforementioned conduct of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno resulted in a contact with Plaintiff Cornell Brisco's person.

72. The actions of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno were undertaken within the scope of his employment with the Defendant Village of Maywood.

73. The Village of Maywood is liable as principal for all torts committed by its agents.

74. As a result of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno's intentional, unpermitted, and offensive contact, Plaintiff Cornell Brisco experienced conscious pain and suffering.

75. As a result of Defendants Officer Dent, Officer Cochiard, and Officer Saraceno's intentional, unpermitted, and offensive contact, Plaintiff Cornell Brisco was forced to incur medical bills, undergo extensive medical treatment, suffered lost wages, and will be forced to incur future medical costs and future pain and suffering.

WHEREFORE, Cornell Brisco, demands judgment against Defendant Village of Maywood for costs, disbursements, interests, and for any further relief that this Court deems fair and just.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC

By: /s/ Bryce T. Hensley
Attorney for Plaintiff

Bryce T. Hensley
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Ph: (312) 253-8800
Fax: (312) 458-1004
bhensley@rblaw.net
Illinois ARDC Number 6327025